IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

v.                                              Case No. 09-CV-941 JEC/WPL

ALLSUP'S CONVENIENCE STORES,
INC.,

    Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendant's Motion to Transfer Venue* (Doc. 4), filed November 23, 2009 ("Motion"). The Court has reviewed the parties' submissions and, as set forth in more detail herein, will GRANT the Motion.

### I. BACKGROUND

Plaintiff Equal Employment Opportunity Commission ("EEOC") filed the instant action on behalf of Orvel Pape, a former employee of Defendant Allsup's Convenience Stores, Inc. ("Allsup's"). The lawsuit alleges that Allsup's fired Mr. Pape "because he cooperated with an EEOC investigation of another employee's charge of discrimination brought against the Defendant under the ADA." *Complt.* (Doc. 1) at ¶ 8. Defendant responded to the Complaint with the instant Motion as well as a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and a Motion to Strike Plaintiff's Claim for Compensatory and Punitive Damages and Demand for Jury Trial.

### II. LEGAL STANDARD

The instant Motion is filed pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or

the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." This statute is recognized as a partial codification of the common-law doctrine of forum non conveniens, but it differs from the common-law doctrine in that it does not permit courts to dismiss actions altogether. 17 JAMES WM. MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 111.03[2] (3d ed. 2009) (citing *In re Joint Eastern & Southern Dist. Asbestos Lit.*, 22 F.3d 755, 762 (7th Cir. 1994), *cert. denied*, 518 U.S. 1006 (1996)).

Under § 1404(a), the district court has discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Chrysler Credit Corp. V. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 2244, 101 L.Ed.2d 22 (1988)).

> Among the factors [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* (quoting *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)). The party seeking transfer bears the burden of showing the existing forum is not convenient. *Id.*

### III. DISCUSSION

Although it admits venue is proper in New Mexico, Defendant argues the Northern District of Texas would be more appropriate.

2

The EEOC attorneys and investigator involved in this case are located in Dallas, Texas. *Motion* at 4. Orvel Pape, the employee on whose behalf the EEOC is acting, lives and works—both currently and at the time of his termination—within the Northern District of Texas. *Id.* Moreover, Mr. Pape has never lived or worked anywhere in New Mexico. *Id.* Although Allsup's has a presence in New Mexico, it has no stores in or near Las Cruces, where this case would be tried. *Id.*

All of the witnesses in this matter live within the Northern District of Texas, except for one. *Id.* at 4-5. Only Lesley Johnson, Allsup's Human Resources Director, lives in New Mexico, but she lives in Clovis, which is equidistant between the Northern District of Texas Court in San Angelo and the District of New Mexico Court in Las Cruces. *Id.* at 6. Thus, even if each of the witnesses in this case assumed the inconvenience and cost of traveling to Las Cruces, New Mexico for trial in this matter, they are all outside of the subpoena power of this Court and could therefore quash subpoenas. Fed. R. Civ. P. 45(c)(3).

With respect to the concern for difficulties arising from congested dockets, Allsup's further notes that New Mexico district courts are more congested than those in the Northern District of Texas. *Motion* at 8.

Plaintiff EEOC opposes any change in venue, arguing that because there are six Allsup's convenience stores close to San Angelo, Texas, potential jurors may "hav[e] preconceived notions about the Allsup's company that could prove an 'obstacle to a fair trial' that could be avoided in another jurisdiction." *Resp.* at 4. The EEOC also notes that Allsup's personnel records are kept in New Mexico, *Resp.* at 1; however, Clovis is as close to San Angelo (286 miles, according to Defendant) as it is to the Las Cruces court (293 miles, according to

3

Defendant), *Reply* at 3.  Incidentally, as Defendants note, Las Cruces is the only New Mexico division where Allsup's does not have a presence.  *Motion* at 9.

"Merely shifting the inconvenience from one side to the other [] obviously is not a permissible justification for a change of venue."  *Scheidt v. Klein*, 956 F.2d 963, 966 (10th Cir. 1992).  In this case, however, a transfer to the Northern District of Texas appears most convenient for both parties and witnesses.

### IV. CONCLUSION

For the reasons stated above, the Court GRANTS *Defendant's Motion to Transfer Venue* (Doc. 4), filed November 23, 2009 ("Motion"), and hereby TRANSFERS this action to the Northern District of Texas.

DATED:      March 2, 2010

s/John Edwards Conway

SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiffs:

Gwendolyn Young Reams, Esq.
James L. Lee, Esq.
Washington, DC

Meaghan L. Shephard, Esq.
Robert A. Canino, Esq.
Toby W. Costas, Esq.
Dallas, TX

Counsel for Defendants:

Thomas L. Stahl, Esq.
Albuquerque, NM

Michael W. Fox, Esq.
Robert Chance, Esq.
Austin, TX